UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. MJ 19-409 |
| Plaintiff, | ) | |
| v. | ) | DETENTION ORDER |
| ANDREW HEYWARD, | ) | |
| Defendant. | ) | |

<u>Offense charged in Complaint</u>:

Assault and Resisting of a Federal Officer, 18 USC Sec. 111(a)(1)

<u>Date of Detention Hearing</u>:    September 3, 2019

      The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

DETENTION ORDER
PAGE -1

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) The complaint alleges that, early one morning, defendant struck a Federal Protective Service Officer in her face at the Jackson Federal Building, and then assaulted another officer who came to her assistance. It appears to be a misdemeanor assault charge, although that is not entirely clear from the allegations of the complaint and the language of the statute. Extended detention is not appropriate in a misdemeanor case.

(2) GPS monitoring is an essential element of any release conditions which would provide reasonable assurance of the safety of other persons and the community, and of defendant's likelihood to make his appearances as required.

(3) Defendant is essentially homeless. He has recently been residing at Compass Center, which is basically a shelter. Although he could return there, that facility is not equipped to accommodate the needs of a person on GPS monitoring.

(4) Defense counsel proposes that defendant reside at a Residential Re-Entry Center which can meet the needs of a person on GPS monitoring. The court requested the pretrial services officer and defense counsel to pursue this possibility. If satisfactory placement is available, defense counsel may move to re-open this detention order.

(5) If defendant is released, the conditions should include drug conditions; mental health treatment; and no contact with the female officer whom he allegedly assaulted; or with Precious Alexander, the mother of his children. There is already a "no-contact order" in effect as to Ms. Alexander.

It is therefore ORDERED:

1. Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

3. On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

4. The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United State Pretrial Services Officer.

DATED this 3rd day of September, 2019.

s/ John L. Weinberg  
United States Magistrate Judge

DETENTION ORDER
PAGE -3